# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BREAUNA NIYSHA LAWRENCE,**

    **Petitioner,**

    **v.**

**JEFF EASTER, et al.,**

    **Respondents.**

Case No. 17-3136

## MEMORANDUM AND ORDER

This matter comes before the court upon petitioner Breauna Niysha Lawrence's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is currently being held in Sedgwick County Jail pending extradition to Florida. She argues the Governor of Florida's warrant supporting her extradition is invalid as the application had insufficient grounds on which relief could be granted, and asks to be released from custody. For the reasons set forth below, the court denies petitioner's request.

**I.    Background**

On June 2, 2017, petitioner was taken into custody in Sedgwick County, Kansas and charged with being a fugitive from justice in violation of K.S.A. § 22-2702 and K.S.A. § 22-2713 after a Florida judge issued a warrant for her arrest. On June 16, 2017 petitioner was charged in Florida with one count of Accessory After the Fact (Murder) in violation of Fla. Stat. Ann. §§ 777.03(1)(c) and (2)(a). Petitioner was accused of driving the vehicle used to escape the scene of a murder.

On June 30, 2017, the Governor of Florida submitted a demand to the Governor of Kansas for petitioner's extradition. On July 19, 2017, the Governor of Kansas found the extradition documents were in order and directed petitioner's extradition to Florida. While petitioner was awaiting extradition, she filed her application for federal habeas corpus relief that is presently before this court.

**II.     Analysis**

Petitioner argues the warrant from Florida is invalid and asks that she be released from custody. Petitioner first claims that the Governor of Florida's warrant is insufficient to show any knowing participation in any criminal activity related to this offense. She further argues that she should be released from custody because the two active participants in the crime are either already sentenced or are dead, that extradition would be detrimental to her frail health, and that she has been fully cooperative with Florida authorities.

The Extradition Clause in Article IV of the United States Constitution was "intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed," and to "preclude any state from becoming a sanctuary for fugitives from justice of another state . . . ." *Michigan v. Doran*, 439 U.S. 282, 287 (1978). The United States Supreme Court has held that under the Extradition Clause, interstate extradition was intended to be "a summary and mandatory executive proceeding." *Id.* at 288. And the Clause "never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Id.* When a governor grants an extradition request, a court considering a habeas corpus petition can only assess: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Id*. at 289.

The grant of extradition is "prima facie evidence that the constitutional and statutory requirements have been met." *Id.* And when a neutral judicial officer of the state seeking extradition has determined that probable cause exists to issue a warrant or charge the defendant in a complaint, "the courts of the asylum state are without power to review the determination." *Id.* Therefore, once the governor of the asylum state has granted the request for extradition based on a judicial determination

that probable cause existed, "no further judicial inquiry may be had on that issue in the asylum state." *Id.* at 290.

Petitioner essentially asks this court to do precisely what the United States Supreme Court has precluded courts from doing: reviewing the probable cause determination for issuing the warrant and assessing the validity of the criminal complaint filed in Florida State court. The Governor of Kansas has granted the extradition request, and therefore the court may only inquire as to whether: (a) the extradition documents on their face are in order; (b) the petitioner has been charged with a crime in the demanding state; (c) the petitioner is the person named in the request for extradition; and (d) the petitioner is a fugitive. All of these grounds have been met, and the court has no reason to believe that the extradition, granted by the Governor of Kansas, is unconstitutional or fails to meet statutory requirements. Further, the court is prohibited from considering any of the other reasons listed in petitioner's habeas corpus petition as grounds for release.

**IT IS THEREFORE ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is denied. This case is closed. The clerk is directed to enter judgment for respondents.

Dated July 11, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**